UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | | |
|---|---|---|
| KARL E. ROBERTSON, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:06-cv-451 |
| | ) | |
| v. | ) | Honorable Joseph G. Scoville |
| | ) | |
| CITY OF GRAND RAPIDS, et al., | ) | **MEMORANDUM OPINION** |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This is a civil rights action brought *pro se* under 42 U.S.C. § 1983. The defendants are the City of Grand Rapids, Judge Michael Christensen of Michigan's 61st District Court, and Merl's Towing and Transport.[1] The parties voluntarily consented to have a United States magistrate judge conduct any and all proceedings in this case, including entry of final judgment. (docket # 25). The case is currently before the court on defendant Christensen's motion for summary judgment. (docket # 44). On April 7, 2008, plaintiff filed his brief in opposition to defendant's motion. (docket # 51). For the reasons set forth herein, defendant's motion for summary judgment will be granted.

_____

[1] On November 8, 2006, the court entered an order dismissing plaintiff's claims against Paul Smith, Richard Kuenzel, Lisa Angus, Scott Baker, and all unknown parties. (docket # 20). The City of Grand Rapids Police Department is named as a defendant. A police department is not a legal entity under Michigan law, and it lacks the capacity to sue or be sued. *See Haverstick Ent., Inc. v. Financial Fed. Credit, Inc.*, 32 F.3d 989, 992 n.1 (6th Cir. 1994); *Lake v. Granholm*, No. 1:07-cv-572, 2008 WL 724162, at * 2 n.1 (W.D. Mich. Mar. 17, 2008). Suits against police departments are deemed to be brought against the municipality itself. *Haverstick*, 32 F.3d at 992 n.1.

## **Applicable Standards**

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Tysinger v. Police Dep't of City of Zanesville*, 463 F.3d 569, 572 (6th Cir. 2006); *Briggs v. Potter*, 463 F.3d 507, 511 (6th Cir. 2006). The standard for determining whether summary judgment is appropriate is "whether 'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Swiecicki v. Delgado*, 463 F.3d 489, 492 (6th Cir. 2006) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). The court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Twin City Fire Ins. Co. v. Adkins*, 400 F.3d 293, 296 (6th Cir. 2005).

When the party without the burden of proof (generally the defendant) seeks summary judgment, that party bears the initial burden of pointing out to the district court an absence of evidence to support the nonmoving party's case, but need not support its motion with affidavits or other materials "negating" the opponent's claim. *See Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *see also Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the movant shows that "there is an absence of evidence to support the nonmoving party's case," the nonmoving party has the burden of coming forward with evidence raising a triable issue of fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To sustain this burden, the nonmoving party may not rest on the mere allegations of his pleadings. FED. R. CIV. P. 56(e); *see Pack v. Damon Corp.*, 434 F.3d 810, 814 (6th Cir. 2006). The motion for summary judgment forces the nonmoving

party to present evidence sufficient to create a genuine issue of fact for trial. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1990). "A mere scintilla of evidence is insufficient; 'there must be evidence on which a jury could reasonably find for the [non-movant].'" *Daniels v. Woodside*, 396 F.3d 730, 734 (6th Cir. 2005) (quoting *Anderson*, 477 U.S. at 252); *see Kessler v. Visteon Corp.*, 448 F.3d 326, 329 (6th Cir. 2006); *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006). "A nonmoving party may not avoid a properly supported motion for summary judgment by simply arguing that it relies solely or in part on credibility considerations. Instead, the nonmoving party must present evidence to defeat a properly supported motion for summary judgment. The party opposing summary judgment must be able to point to some facts which may or will entitle him to judgment, or to refute the proof of the moving party in some material portion, and the opposing party may not merely recite the incantation, 'credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Fogerty v. MGM Holdings Corp., Inc.*, 379 F.3d 348, 353 (6th Cir. 2004).

**Facts**

On August 27, 2004, a City of Grand Rapids police officer issued a civil infraction citation against plaintiff for the outdoor storage of a vehicle: a 1961 Cree travel trailer, licence number A180915. (Ticket # C/1207009, docket # 55, Ex. A). The citation advised plaintiff that he was required to appear in 61st District Court within ten days, and warned that if he failed to appear a default judgment would be entered against him. (*Id.*). On September 14, 2004, a default judgment was entered against plaintiff. (docket # 55, Ex. B). Plaintiff requested that the default judgment be set aside. On December 15, 2004, Judge Christensen conducted a hearing. Judge Christiansen found

plaintiff was "responsible" for the civil infraction, but he declined to impose any sanction against plaintiff. (*Id.*). Plaintiff filed this lawsuit on June 29, 2006.

Plaintiff alleges that Judge Christensen (1) violated his constitutional rights under the First, Fourth, Fifth, Sixth, and Fourteenth Amendments; (2) violated his federal statutory rights under 42 U.S.C. §§ 1983, 1985(3), 28 U.S.C. § 2201,[2] and 18 U.S.C. § 242; (3) violated unspecified Michigan statutes; and (4) committed the state-law torts of abuse of process and intentional infliction of emotional distress. (docket # 1, ¶¶ 2, 4, 111-32). Plaintiff sued defendant Christensen in his official and individual capacities. (*Id.*, ¶ 7). Plaintiff seeks an award of monetary damages and declaratory relief. (*Id.*, ¶¶ 133-36). Plaintiff disagrees with Judge Christensen's handling of his case, and makes the following allegations against the judge:

- he "refused to listen to the facts" (*Id.*, ¶ 69);

- he "refused to look at Plaintiff's Declaration as to the uses and parking of vehicles" (*Id.*);

- he "refused to listen" to plaintiff's arguments or find the precedent cited by plaintiff to be persuasive (*Id.*);

- he incorrectly addressed plaintiff as "Karl Fransen (although his name is Karl Robertson)" (*Id.*);

- he stated "'I don't believe you' at one point where Plaintiff tried to correct him" (*Id.*);

---

[2] Plaintiff is seeking declaratory relief. (Compl., ¶ 134, docket # 1). However, his complaint cites 42 U.S.C. § 2201, a statutory provision regarding the Atomic Energy Commission. This citation error has been disregarded, and 28 U.S.C. § 2201, the citation for the Declaratory Judgment Act, has been inserted.

- he refused to look at declarations made by Philip Van Dorp and Melvin Crawford regarding plaintiff's use of trailers (*Id.*, ¶¶ 71, 72); and

- he issued an order preventing plaintiff from parking his trailer in the City of Grand Rapids either in a driveway or on a street (*Id.*, ¶ 74).

Furthermore, plaintiff believes that City of Grand Rapids "influenced" Judge Christensen before trial and "conspired" with him "in the City's apparent goal of preventing Plaintiff from moving household items in Plaintiff's move to Massachusetts" where plaintiff purportedly ly intended to attend Harvard University and obtain a masters degree. (*Id.*, ¶¶ 73, 136).

## Discussion

### 1. *Rooker-Feldman*

Under the *Rooker-Feldman* doctrine, this court lacks jurisdiction over any claim by plaintiff that he suffered injuries as a result of Judge Christensen's decision holding plaintiff responsible for violating a City of Grand Rapids ordinance. This court does not possess direct oversight powers over Michigan's courts. *See Raymond v. Moyer*, 501 F.3d 548, 550-51 (6th Cir. 2007); *Hood v. Keller*, 341 F.3d 593, 597 (6th Cir. 2003). The recourse available to plaintiff in response to an adverse district court decision was to seek review in the 17th Circuit Court, Michigan Court of Appeals, Michigan Supreme Court, and if necessary, to seek a writ of *certiorari* from the United States Supreme Court. Plaintiff argues that Michigan's courts have somehow "shown complicity" with defendants, and that it was therefore appropriate and less burdensome for plaintiff to bypass the appellate review process and proceed directly to this court:

> It was more proper for plaintiff to file a civil rights case in Federal Court than to appeal with the State Courts that have shown complicity with the Defendants and endure the ongoing

> expense and impossible time expenditures due to the multiplicity of proceedings, and further civil rights violations by the City and its Actors.

(Plf. Brief at 6). The burdens of litigation are of plaintiff's own making, and his preference for a federal forum cannot endow this court with appellate jurisdiction. It is patent that this court lacks jurisdiction to review the state-court decision plaintiff is attempting to challenge through this lawsuit. *See District of Columbia Circuit Court of Appeals v. Feldman*, 460 U.S. 462, 483 n.16 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923); *Abbott v. Michigan*, 474 F.3d 324, 328 (6th Cir. 2007); *accord Exxon Mobil Corp v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *Davis v. United States*, 499 F.3d 590, 595 (6th Cir. 2007); *Givens v. Homecomings Fin.*, No. 07-2359, 2008 WL 2121008, at * 1-2 (6th Cir. May 20, 2008); *Pittmann v. Cuyahoga County Dep't of Children & Family Servs.*, 241 F. App'x 285, 287 (6th Cir. 2007) ("If the source of the injury [claimed] is the state court decision, then the *Rooker-Feldman* doctrine [] prevent[s] the district court from asserting jurisdiction.").

### 2. Eleventh Amendment Immunity

Plaintiff sued defendant Christensen in his official capacity. Eleventh Amendment immunity generally[3] bars such claims. A suit against a state officer in his official capacity is simply another way of pleading an action against the state. *See Will v. Michigan Dep't of State Police*, 491

---

[3] The well-recognized exception to the general rule is an action for prospective, non-monetary relief such as an injunction against a state officer in his or her official capacity. *See Ex Parte Young*, 209 U.S. 123 (1908); *see also Frew ex rel. Frew v. Hawkins*, 540 U.S. 431, 437 (2004); *Edelman v. Jordan*, 415 U.S. 651, 664 (1974); *Ernst v. Rising*, 427 F.3d 351, 358 (6th Cir. 2005) (*en banc*). As shown in section three of this memorandum opinion, there is no underlying constitutional or statutory violation. Thus, there is no basis for injunctive or declaratory relief.

U.S. 58, 71 (1989); *Ernst v. Roberts*, 379 F.3d 373, 380 n.10 (6th Cir. 2004). Plaintiff has abandoned his official capacity claims:

> Plaintiff concurs with Defendant's description of events in [his] <u>introduction</u> and [his statement of] <u>facts</u> [in his] BRIEF IN SUPPORT OF SUMMARY JUDGMENT ON BEHALF OF JUDGE MICHAEL CHRISTENSEN, as being fair, and refers to said [introduction and facts], and concurs that Judge Christensen is judicially immune by U.S. law [for] any of his actions taken in his official judicial capacity.
>
> Defendant's BRIEF seems to argue that all of Judge Christensen's actions were done in his official capacity. However, a closer look at the events proves this can not be so.
>
> Plaintiff asserts that actions taken by Judge Christensen in acting together with others who have defrauded the City of Grand Rapids and Michigan Taxpayers[s], and actions taken by Judge Christensen in involving himself in a "civil conspiracy" to inflict a long jihad of malicious harassment and punishments against Plaintiff, and other related illicit actions taken by him in complicity with Defendants, were in his individual capacity and not part of his official government actions or duties. Plaintiff has sued him in his personal capacity.

(Plf. Brief at 1-2, docket # 51). Absent abandonment, defendant would still be entitled to Eleventh Amendment immunity on plaintiff's official capacity claims. Reference to the State's immunity from suit as Eleventh Amendment immunity is somewhat of a misnomer, because the phrase is "convenient shorthand" for "the sovereign immunity of the States [that] neither derives from, nor is limited by, the terms of the Eleventh Amendment" but is "a fundamental aspect of the sovereignty which the States enjoyed before the ratification of the Constitution, and which they retain today . . . except as altered by the plan of the convention or certain constitutional Amendments." *Alden v. Maine*, 527 U.S. 706, 712-13 (1999). The Eleventh Amendment bars suit in federal court against a state and its departments or agencies unless the state has waived its sovereign immunity or unequivocally consented to be sued. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). Under the Michigan Constitution, the judiciary is a separate and independent branch of state government. Each state district court is part of the "one court of justice" established by the

Michigan Constitution. *See* MICH. CONST. 1963, art. 6, § 1; *see also Young v. Ottawa County Circuit Court*, No. 1:06-cv-709, 2007 WL 1712608, at * 3 (W.D. Mich. June 21, 2007)(collecting cases); *Geller v. Washtenaw County*, 2006 WL 2726965, at * 3 (E.D. Mich. Sept. 22, 2006)("'Employes [sic] of the district court are employees of the judicial district, an administration unit of the state's one district court, which in turn is a subdivision of Michigan's one court of justice.'")(quoting *Judges of the 74th Judicial Dist. v. Bay County*, 190 N.W.2d 219, 224 (Mich. 1971)). The State of Michigan has not consented to civil rights suits in federal court. *See Johnson v. Dellatifia*, 357 F.3d 539, 545 (6th Cir. 2004). Eleventh Amendment immunity bars plaintiff's claims against defendant in his official capacity.

**3.     Judicial Immunity**

Plaintiff seeks an award of monetary damages against defendant in his individual capacity for alleged violations of plaintiff's rights under state and federal law.

A.     <u>Federal Claims</u>

State judges enjoy absolute immunity from federal damage suits for acts performed in their judicial capacities, except for acts done in the clear absence of jurisdiction. *See Pierson v. Ray*, 386 U.S. 547 (1967). A claim that the state court judge acted "maliciously or corruptly" and in excess of his jurisdiction is insufficient to overcome judicial immunity.

> "[J]udges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." *Bradley v. Fisher*, 80 U.S. (13 Wall.) 335, 351, 20 L.Ed. 646 (1872). This immunity applies to actions brought under 42 U.S.C. § 1983 to recover for alleged deprivation of civil rights. *See Pierson v. Ray*, 386 U.S. 547, 554-55, 87 S. Ct. 1213, 18 L.Ed.2d 288 (1967). The Supreme Court explained: "If judges were personally liable for erroneous decisions, the resulting avalanche of suits, most of them frivolous but vexatious, would provide powerful incentives for judges to avoid rendering

> decisions likely to provoke such suits. The resulting timidity would be hard to detect or control, and it would manifestly detract from independent and impartial adjudication.... Most judicial mistakes or wrongs are open to correction through ordinary mechanisms of review, which are largely free of the harmful side-effects inevitably associated with exposing judges to personal liability." *Forrester v. White*, 484 U.S. 219, 226-27, 108 S. Ct. 538, 98 L.Ed.2d 555 (1988).

*Stern v. Mascio*, 262 F.3d 600, 606 (6th Cir. 2001). "It is a judge's duty to decide all cases within his jurisdiction that are brought before him, including controversial cases that arouse the most intense feelings in the litigants. His errors may be corrected on appeal, but he should not have to fear that unsatisfied litigants may hound him with litigation charging malice or corruption. Imposing such a burden on judges would contribute not to principled decisionmaking and fearless decisionmaking but to intimidation." *Pierson*, 386 U.S. at 554.

The Supreme Court has made it clear that absolute judicial immunity is overcome "in only two sets of circumstances." *Mireles v. Waco*, 502 U.S. 9, 11 (1991). First, a judge is not immune for non-judicial actions, *i.e.*, actions not taken in a judicial capacity. *Id.* Second, a judge is not immune for actions, although judicial in nature, done in complete absence of all jurisdiction. *Id.* at 12. In determining whether certain conduct is judicial in nature, the court must adopt a functional approach, asking whether the act is one normally performed by a judge. *Stump v. Sparkman*, 435 U.S. 349, 362 (1978); *Barnes v. Winchell*, 105 F.3d 1111, 1116 (6th Cir. 1997).

Under the functional analysis prescribed by the Supreme Court, all of the defendant's actions challenged by plaintiff must be deemed judicial in nature, that is, they are normally performed by a judge. Judges hear cases, rule on motions, determine the admissibility and probative value of evidence, make findings of fact, determine appropriate relief, and perform other functions intimately involved with the adjudication of cases. Grave procedural errors, including those

involving due process, do not deprive an act of its essentially judicial nature. *See Stump v. Sparkman*, 435 U.S. at 359; *Stern v. Mascio*, 262 F.3d at 606-08. Likewise, an allegation that judge committed an ethical violation will not strip the judge of the shield of absolute judicial immunity. *Ireland v. Tunis*, 113 F.3d 1435, 1443 (6th Cir. 1997); *see Massey v. Stosberg*, 136 F. App'x 719, 719 (6th Cir. 2005)("[J]udicial immunity is not overcome by allegations of bad faith and malice."); *Riser v. Schnieder*, 37 F. App'x 763, 764 (6th Cir. 2002) (A state judge is entitled to absolute judicial immunity even if his decisions were allegedly erroneous, tortious, or violated judicial codes.). The judicial process, particularly the right to take an appeal, is generally sufficient to vindicate individual rights and obviates the need for damage actions against judges to prevent unjust results. *Ireland*, 113 F.3d at 1443; *see Wagenknecht v. United States*, 509 F.3d 729, 734 n. 5 (6th Cir. 2007).

       A judge is not immune for judicial actions done in the complete absence of all jurisdiction. *See Mireles*, 502 U.S. at 12. It is patent that Judge Christensen had jurisdiction to hear and decide the civil infraction case against plaintiff. Michigan district courts have jurisdiction over civil infraction actions. MICH. COMP. LAWS §§ 600.8301(2), 600.8703(2). They possess jurisdiction over ordinance and charter violations punishable by a fine or imprisonment, or both. MICH. COMP. LAWS § 600.8311(b). The express powers of Michigan's district courts include the power to issue and enforce a judgment, writ, or order necessary to enforce an ordinance. MICH. COMP. LAWS §§ 600.8302(4), 600.8315. Defendant is clearly entitled to the protection of judicial immunity.

       Assuming *arguendo* that plaintiff's federal claims against defendant Christensen had not been barred by judicial immunity, defendant would nonetheless be entitled to judgment in his favor as a matter of law. Plaintiff alleges a violation of his rights under 42 U.S.C. § 1983. Section 1983 is not itself a source of any substantive right, but merely provides a remedy for deprivation of

rights that are elsewhere conferred by federal law. *See Graham v. Connor*, 490 U.S. 386, 393-94 (1994). "Because Section 1983 is not itself a source of substantive rights, but only a method for vindicating federal rights elsewhere conferred, a plaintiff must set forth specific constitutional grounds for asserting a Section 1983 claim." *Adair v. Charter County of Wayne*, 452 F.3d 482, 492 (6th Cir. 2006), *cert. denied*, 127 S. Ct. 1828 (2007); *see Harris v. Detroit Pub. Sch.*, 245 F. App'x 437, 445 (6th Cir. 2007). Although plaintiff's complaint lists the First, Fourth, Fifth,[4] Sixth, and Fourteenth Amendments, plaintiff has not presented evidence on which a reasonable jury could find any constitutional violation.

Plaintiff alleges that defendant violated his statutory rights under 42 U.S.C. § 1985(3), 28 U.S.C. § 2201, and 18 U.S.C. § 242. The elements of a section 1985(3) claim are well established. *See Center for Bio-Ethical Reform, Inc. v. City of Springboro*, 477 F.3d 807, 832 (6th Cir. 2007); *Peters v. Fair*, 427 F.3d 1035, 1038 (6th Cir. 2005). Under 42 U.S.C. § 1985(3), "conspiracy must be pled with some degree of specificity and . . . vague and conclusory allegations unsupported by material facts will not be sufficient to state a claim." *Center for Bio-Ethical Reform, Inc. v. City of Springboro*, 477 F.3d 807, 832 (6th Cir. 2007); *Fox v. Michigan State Police Dep't*, 173 F. App'x 372, 376 (6th Cir. 2006). Plaintiff's complaint lacks the requisite specificity and it is devoid of allegations of "class-based discriminatory animus." *Center for Bio-Ethical Reform*, 477 F. 3d at 832; *Royal Oak Entm't, LLC v. City of Royal Oak*, 205 F. App'x 389, 399 (6th Cir. 2006). Furthermore, plaintiff has not presented evidence on which a reasonable trier of fact could find that defendant violated section 1985(3). It is well established that the Declaratory Judgment Act, 28

---

[4] The Fifth Amendment restricts the actions of the federal government. *See Hamilton's Bogarts, Inc. v. Michigan*, 501 F.3d 644, 649 n.3 (6th Cir. 2007). There are no federal defendants in this lawsuit.

U.S.C. § 2201, "is procedural only, not substantive, and hence the relevant cause of action must arise under some other federal law .... to afford jurisdiction of a declaratory judgment suit." *Lowe v. Ingalls Shipbuilding*, 723 F.2d 1173, 1179 (5th Cir.1984); *see Skelly Oil Co. v. Phillips Petroleum Co.*, 399 U.S. 667, 671 (1950); *Price v. Caruso*, No. 1:07-cv-117, 2007 WL 1521215, at * 1 (W.D. Mich. May 22, 2007)(collecting cases). Finally, 18 U.S.C. § 242 is a criminal statute. Plaintiff lacks standing to initiate criminal charges against defendant. *See Linda R. S. v. Richard D.*, 410 U.S. 614, 619 (1973). Criminal statutes do not create private rights of action unless Congress expressly so provides. *Cok v. Constantino*, 876 F.2d 1, 2 (1st Cir. 1989). There is no private cause of action under 18 U.S.C. § 242. *See, e.g., Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 511 (2d Cir. 1994); *Newcomb v. Ingle*, 827 F.2d 675, 677 n.1 (10th Cir. 1987); *Deubert v. Gulf Federal Sav. Bank*, 820 F.2d 754, 760 (5th Cir. 1987).

      B.      <u>State Law Claims</u>

Plaintiff alleges that defendant's actions constituted abuse of process, intentional infliction of emotional distress, and violated unspecified Michigan statutes. Plaintiff has not presented evidence that defendant Christensen acted outside the scope of his judicial authority. Thus, all plaintiff's state-law claims are barred by judicial immunity. MICH. COMP. LAWS § 691.1407(5); *see also Olsen v. County of Muskegon*, No. 233258, 2002 WL 31934158, at * 1 (Mich. Ct. App. Nov. 19, 2002).

## **Conclusion**

       For the reasons set forth herein, defendant Christensen's motion for summary judgment (docket # 44) will be granted.


Dated:  May 27, 2008                     /s/  Joseph G. Scoville
                                                  United States Magistrate Judge